UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LENNETTE GOODMAN,<br><br>Plaintiff,<br><br>v.<br><br>BARNABAS BEHAVIORAL HEALTH/MMCS,<br><br>Defendant. | Civil Action No. 16-9442 (PGS)<br><br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court based on Plaintiff Lennette Goodman's ("Plaintiff") informal request to dismiss the complaint coupled with her failure to prosecute her case. For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**Background and Procedural History**

On December 23, 2016, Plaintiff initiated this litigation by filing a complaint against Barnabas Behavioral Health/MMCS ("Defendant") alleging a violation of 42 U.S.C. §1320d-6: wrongful disclosure of individually identifiable health information. (Docket Entry No. 1). Plaintiff further alleged that she was involuntarily committed, that Defendant put her in isolation because of a non-contagious infection, did not advise her of her patient rights and refused to take her to a hospital of her choice. *Id.*

Defendant filed an answer to Plaintiff's complaint on March 21, 2017 (Docket Entry No. 8) and the Court set an initial scheduling conference which was held on May 8, 2017. In response to a June 15, 2017 letter from Plaintiff in which she asked to have the case dismissed without prejudice due to personal issues, a telephone conference was held on July 11, 2017. Plaintiff was

advised that if she need time to get her life in order, the Court would allow that, but that the case cannot be indefinitely delayed. Plaintiff was further advised that she can dismiss the case with prejudice.

> THE COURT: But essentially, you're going to get back to us by July 21st. You're going to let me know whether you want to proceed with this case, but you just need a little bit of time to get things in order. And if so, you need to tell me what amount of time you're asking for. So if you need a couple weeks, if you need 30 days, if you need two months, what is it? And I'll try to be reasonable but, again, the defendants have been waiting a while to be heard, so I can't put this off too much. If you decide that –
>
> MS. GOODMAN: Okay.
>
> THE COURT: If you decide that because of whatever circumstances in your life that you just don't want to push forward with this case, then you can include in the letter that you want to dismiss -- have your case be dismissed; you understand that it would be with prejudice, which means that you can't later on come back and bring these types of claims, and bring this complaint, or look to have it resurrected now that you've settled in Fayetteville, and that it would be, you know, forever gone, to put it really plainly. So if you decide one or the other, "Judge, I need a little bit more time, could you give me another month," or, "Judge, look, because of whatever's going on in my life, I've decided I don't want to pursue this case, I realize I can't look to raise these claims later on, and that this is going to be dismissed, and that's okay with me."

*7/11/17 Tr.* at 8:4-25 to 9:1-4.

> THE COURT: Okay. Any questions, Ms. Goodman?
>
> MS. GOODMAN: No. No, I understand, and thank you very much.

*Id.* at 11:1-3.

The Court issued a Letter Order advising Plaintiff that due to her personal issues the Court would consider staying the case for a short amount of time. Plaintiff was further directed to advise the court whether she wished to proceed with this case by July 21, 2017. (Docket Entry No. 14). The Court did not receive a response from Plaintiff and sent an email to Plaintiff on July 24, 2017

2

asking her to advise if she wished to proceed with the case or dismiss the case with prejudice. Plaintiff responded "Please close the file." (*See* attached July 30, 2017 Email).

The Court notes that it has also received a letter from Defendant asking the Court to dismiss the case with prejudice, or in the alternative, grant Defendant permission to file a motion to dismiss for failure to submit an affidavit of merit. (*See* Def.'s attached August 3, 2017 Letter).

## Analysis

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id.* Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner*, 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. For the reasons that follow, the Court finds that under the

circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Plaintiff has stated that she wishes to close the case. As such, the Court finds this factor to favor dismissal with prejudice.

2. **Prejudice to Defendant:** Plaintiff is not able to prosecute this case at this time. While the Court offered to stay the case for a short period of time, delaying it indefinitely would prejudice Defendant. Plaintiff's failure to do that which was required of her supports dismissal of this matter with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** The Court does not find that Plaintiff has a history of dilatoriness.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiff proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** Plaintiff cannot prosecute her case and has asked the Court to close the case. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.,* 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's case with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, she has failed to take the steps

necessary to move this case forward. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

## Conclusion

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 18th day of August, 2017,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff at the following addresses:

>Lennette Goodman
>18D Lobelia Lane
>Jackson, NJ 08527

>s/Tonianne J. Bongiovanni
>**HONORABLE TONIANNE J. BONGIOVANNI**
>**UNITED STATES MAGISTRATE JUDGE**

Page 1 of 1



Re: 16-9442 (PGS) Goodman v. Barnabas Health
Lennette Goodman
to:
tjb_orders@njd.uscourts.gov
07/30/2017 04:02 PM
Hide Details
From: Lennette Goodman <lennetteg@yahoo.com>
To: "tjb_orders@njd.uscourts.gov" <tjb_orders@njd.uscourts.gov>
Please respond to "lennetteg@yahoo.com" <lennetteg@yahoo.com>

Please close the file.

Sent from Yahoo Mail on Android

On Mon, Jul 24, 2017 at 1:55 PM, tjb_orders@njd.uscourts.gov
<tjb_orders@njd.uscourts.gov> wrote:

> Dear Ms. Goodman,
>
> Please advise if you wish o proceed with this case or if you have decided to dismiss the case with prejudice (per docket entry no. 14).
>
> Thank you,
> Teresa Weiler
> Law Clerk to the Hon. Tonianne J. Bongiovanni, U.S.M.J.
> 402 East State Street
> Trenton, NJ 08608
> Telephone: (609) 989-2040
> Email: tjb_orders@njd.uscourts.gov
> Preferences: http://www.njd.uscourts.gov/content/tonianne-j-bongiovanni

file:///C:/Users/MMorelli/AppData/Local/Temp/notes95E17C/~web1965.htm       7/31/2017

James M. Ronan, Jr.
Robert A. Giannone *
Michael K. Tuzzio
MaryAnn Nobile Wilderotter *
Linda A. Olsen
Gregory W. Boyle
Anthony M. Tracy
Lauren H. Zalepka*
Michael B. Kelly *
Teresa K. Gierla
John M. Hockin, Jr.

Daniel T. DiCicco
Nicole M. Geraci *
Erin E. Mullen
Jilian L. McLeer
Nicole M. Scillia
Ashley A. Murphy
Jeffrey M. Gorenstein *

*Of Counsel*
Ann M. McGuffin

* NJ & NY Bars
\*NJ & PA Bars

# RONAN, TUZZIO & GIANNONE
A Professional Corporation
Attorneys at Law

ONE HOVCHILD PLAZA
4000 ROUTE 66, SUITE 231
TINTON FALLS, NEW JERSEY 07753-7308
(732) 922-3300
FAX (732) 918-8505

August 3, 2017

Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States Federal District Court
402 East State Street
Trenton, NJ 08608

RE: Lennette M. Goodman v. Barnabas Health Behavioral Health
Docket No. 3:16-CV-09442-PGS-TJB
Our File No. 169-12072 JMH

Judge Bongiovanni:

As you are aware, my firm represents defendants Barnabas Behavioral Health Center and Monmouth Medical Center Southern Campus in this action. On July 11, 2017, a telephone conference was held in light of a correspondence from plaintiff requesting a voluntary dismissal. Your Honor went through great lengths to explain to plaintiff that the defendants would only accept a dismissal with prejudice. Due to the hardships expressed by plaintiff, Your Honor gave plaintiff to July 21, 2017 to report to the Court whether she was dismissing the Complaint with prejudice or needed a short stay to sort out her living arrangements and personal issues.

On July 24, 2017, your law clerk reached out to plaintiff regarding the deadline and her intention to pursue this case. To date, I have not seen a response from plaintiff.

In light of the violation of Your Honor's Order, I would respectfully request that the case be dismissed with prejudice. In the alternative, I would request permission to pursue a dismissal with prejudice for failure to provide an Affidavit of Merit. The Affidavit was due on July 19, 2017. As part of the previous Order, Your Honor instructed counsel not to file any motions until plaintiff advised the Court as to her intentions to pursue the case. In light of the lack of a response from plaintiff, defendants would respectfully request permission to file the Motion to Dismiss the Complaint with Prejudice for Failure to Submit an Affidavit of Merit.

Again, I have not seen a response from plaintiff, but if Your Honor wishes to schedule another telephone conference to discuss, I will happily make myself available.

Thank you for your considerations.

>Respectfully submitted,
>
>JOHN M. HOCKIN JR.
>
>JOHN M. HOCKIN, JR.

CC: Lennette M. Goodman (Via electronic service)